**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SOLOMON MADUKO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 07 C 4701** |
| **v.** | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **STATE OF ILLINOIS and** | ) | |
| **MICHAEL J. RAJSKI,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has sued his employer, the State of Illinois,[1] as well as his supervisor, Michael J. Rajski, in his individual capacity. Plaintiff alleges that defendants deprived him of his property and liberty interests in his job without due process of law in violation of the Fourteenth Amendment (Counts I and II)[2] and infringed upon his Fifth Amendment right against self-incrimination without due process (Count III). Defendants have moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss this action against the State of Illinois and to stay any remaining claims. For the reasons provided in this Memorandum Opinion and Order, the Court grants in part and denies in part defendants' motion.

**Background**

According to the Amended Complaint, Maduko was employed as a Clinical Pharmacist for the State of Illinois at the Madden Mental Health Pharmacy. (Am. Compl. ¶ 6.) Michael

---

[1] Plaintiff's original Complaint named Illinois Department of Human Services ("DHS") and Michael J. Rajski as Defendants; however, Defendant filed an Amended Complaint on December 5, 2007 substituting the State of Illinois for DHS.

[2] Plaintiff's Amended Complaint originally numbered these as Counts II-IV; however, Plaintiff has clarified he meant to incorporate what was originally entitled Count I as background facts. (Pl.'s Resp. 4.) Therefore, Counts II-IV in Maduko's Amended Complaint are now considered Counts I-III.

Rajski was the Pharmacy Service Manager. (*Id.* ¶ 8.) On May 24, 2007, Rajski ordered plaintiff to provide a statement to two State of Illinois police investigators regarding events surrounding a prescription filled in the pharmacy department. (*Id.* ¶ 12.) Plaintiff provided a written statement to the investigators because he was led to believe he would face a disciplinary hearing and possible termination if he refused. (*Id.* ¶¶ 13, 14.) Plaintiff was arrested on June 25, 2007 and charged with official misconduct under 720 Ill. Comp. Stat. 5/33-(3)(b) and computer fraud under 720 Ill. Comp. Stat. 5/16(d)(5). (*Id.* ¶ 15.)

After his release from jail, plaintiff contacted Rajski, who informed him he had been placed on administrative leave with full pay and benefits. (*Id.* ¶ 19.) Plaintiff also received correspondence from the State of Illinois stating he would remain on administrative leave pending the result of their investigation. (*Id.* ¶ 24.) Rajski then scheduled a "pre-disciplinary meeting" on July 2, 2007, at which plaintiff appeared, but no meeting was conducted. (*Id.* ¶¶ 21, 23, 26.) Rajski later advised plaintiff that he was suspended without pay, effective July 16, 2007, pending the judicial verdict. (*Id.* ¶ 28.) Defendants also disseminated "disparaging information" to the public warning that plaintiff had been charged with criminal conduct. (*Id.* ¶ 29.)

Plaintiff brought this suit against the State of Illinois and Rajski and has alleged that defendants deprived him of his constitutional rights. In Counts I and II, plaintiff alleges deprivation of Fourteenth Amendment property and liberty interests in his job without due process. In Count III, plaintiff alleges infringement of his right against self-incrimination under the Fifth and Fourteenth Amendments.

The relief plaintiff seeks for these alleged violations includes compensatory damages, punitive damages against Rajski, costs of suit and attorney's fees, back pay and retroactive

benefits, a declaration that the defendants' conduct violated the Constitution, injunctive relief in the form of reinstatement to his position or suspension pending a full hearing, as well as an order prohibiting defendants from reporting to the Illinois Department of Professional Regulation that plaintiff has been charged with a crime.

Defendants have moved to dismiss the suit against the State of Illinois in its entirety. They also argue that this Court should abstain from exercising jurisdiction as to Counts I-III pursuant to the *Younger* doctrine and stay these claims pending the outcome of Maduko's state criminal proceedings.

## **The Legal Standard**

Rule 12(b)(1) motions may attack either the factual basis for jurisdiction, *i.e.*, a factual attack, or the sufficiency of jurisdictional allegations, *i.e.*, a facial attack. Facial attacks, as in the present case, are subject to the same standard as motions pursuant to Rule 12(b)(6). *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Thus, the standard for defendants' Rule 12(b)(1) and (b)(6) motions in this case is the same: a court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in the plaintiff's favor. *Id.*; *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but plaintiff must make sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (quotation omitted). However, the plaintiff bears the burden of proving jurisdiction exists. *United Phosphorus*, 322 F.3d at 946.

## **Discussion**

### I.       **State of Illinois**

Defendants have moved to dismiss this suit against the State of Illinois on the grounds that a state cannot be sued under 42 U.S.C. § ("section") 1983.  (Defs.' Mot. 1.)  Section 1983 provides that a "person" acting under color of law can be held liable for depriving a person of his "rights, privileges, or immunities secured by the Constitution and laws."   42 U.S.C. § 1983. However, the Supreme Court has held that a state is not a "person" for the purpose of a section 1983 claim.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989); *see Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002).   Therefore, section 1983 does not authorize a suit against a state itself, and plaintiff's suit against the State of Illinois must be dismissed pursuant to Rule 12(b)(6).

Plaintiff contends that his claim is not actually based on section 1983, but rather arises directly under the Fourteenth Amendment.  (Pl.'s Resp. 4.)  However, the Seventh Circuit has held that a cause of action cannot be implied under the Fourteenth Amendment when Congress has provided an explicit means for bringing one under section 1983.  *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 732 n.3 (7th Cir. 1994) (superseded by statute on other grounds).  Although plaintiff cites *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985) and *D'Acquisto v. Washington*, 640 F. Supp. 594 (N.D. Ill. 1986), these cases lend no support to his argument. First, both cases involved claims brought under section 1983, and second, both cases did not involve state defendants.  *See Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 553 (6th Cir. 1983); *D'Acquisto*, 640 F. Supp. at 604.  Because section 1983 does not authorize plaintiff's suit

against the State of Illinois, the Court dismisses all claims against it with prejudice.[3]   Thus, the

Court need not address defendants' alternative arguments in support of dismissal.[4]

## III.   *Younger* Abstention

The question remains whether the Court should abstain from exercising jurisdiction as to

Counts I-III against Rajski under *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, and

stay the litigation.   (Defs.' Mem. Law Supp. Mot. Dismiss 4.)   For the following reasons, the

Court does not abstain from exercising jurisdiction as to Counts I and II but abstains as to Count

III.

The *Younger* doctrine requires federal courts to abstain from exercising jurisdiction over

federal constitutional claims that would interfere with or call into question ongoing state

proceedings.   401 U.S. 37, 43-44; *see Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665

(7th Cir. 2007).   The doctrine is based partly on traditional principles of equity, but primarily on

the "even more vital consideration" of comity between state and federal courts.   *Younger*, 401

---

[3] Plaintiff may only proceed with his remaining suit against Rajski, whom plaintiff has sued in his individual capacity.   (Am. Compl. ¶ 11.)   The Court takes note that some of the relief plaintiff seeks in his Amended Complaint, namely injunctive and declaratory relief, as well as back pay and benefits, is not available against Rajski acting in his individual capacity.   *See Hill. v. Shelander*, 924 F.2d 1370, 1373-74 (7th Cir. 1991) (injunctive relief and attorney's fees not available from official in his individual capacity); *Feit v. Ward*, 886 F.2d 848, 857 (7th Cir. 1989) (same for declaratory relief); *see also Omosegbon v. Wells*, 335 F.3d 668, 672-73 (7th Cir. 2003) (same for back pay and reinstatement).   Rather, plaintiff may only seek compensatory and punitive damages against Rajski. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004) (punitive and compensatory damages sought in a section 1983 claim against official in his individual capacity).

[4] Defendants further assert that plaintiff's action against the State of Illinois is barred by the Eleventh Amendment. However, because plaintiff cannot state a cause of action against the State of Illinois under section 1983, it is unnecessary to determine whether Eleventh Amendment immunity applies here.   *See Vt. Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 779-80 (2000).   The question of whether a statute permits a cause of action against a state logically precedes the question of whether that state is immune under the Eleventh Amendment.   *Id.*   When the statute bars the suit altogether, then the state cannot be made a party in the first place, and the question of immunity is no longer relevant.   *Id.* at 780; *Holton v. Ind. Horse Racing Comm'n*, 398 F.3d 928, 929 (7th Cir. 2005) ("It is both unnecessary and inappropriate to decide whether the Constitution would prevent litigation that Congress has not authorized in the first place.").

U.S. at 44.  In other words, federal courts must respect the functions of the state courts and allow them to perform "their separate functions in their separate ways."  *Id.*

In deciding whether *Younger* abstention applies, a court must determine whether the federal claim would interfere with or have a disruptive effect on the state proceedings.  *Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995).  Federal courts are required to abstain from enjoining ongoing state proceedings that are:  (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate.  *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002).  Extraordinary circumstances exist only when:  (a) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," (b) "there is an extraordinarily pressing need for immediate equitable relief," or (c) "the challenged provision is flagrantly and patently violative of express constitutional prohibitions."  *Jacobson v. Vill. of Northbrook Mun. Corp.*, 824 F.2d 567, 569-70 (7th Cir. 1987) (quotations and citations omitted).

### A.    Counts I and II

In Counts I and II, plaintiff alleges that defendants violated his due process rights under the Fourteenth Amendment.  (Am. Compl. ¶¶ 21-36.)  Plaintiff alleges defendants deprived him of his protected property and liberty interests in his job without a proper hearing or allowing him an opportunity to respond.  (*Id.*)

Plaintiff contends, and defendants do not appear to disagree, that *Younger* abstention does not apply to plaintiff's Fourteenth Amendment due process claims.  (Pl.'s Resp. 6; Defs.' Reply 4.)  The first two elements of the *Younger* test are met because plaintiff's criminal trial is an ongoing proceeding of a judicial nature that implicates important state interests.  However,

the third element, which requires that plaintiff have an adequate opportunity to raise his federal claims in state court, has not been met with respect to plaintiff's due process claims. Plaintiff cannot raise these claims in his state criminal case, nor can the State address them, because they have no bearing on those proceedings. Whether or not defendants deprived plaintiff of property and liberty interests in his job without due process is entirely separate from the issues raised at a state criminal trial for computer fraud and official misconduct. Thus, as to Counts I and II *Younger* abstention is inappropriate.

Defendants argue that although Counts I and II do not require abstention, if Count III requires the Court to abstain, then it should stay the litigation as to Counts I and II as well. (Defs.' Mem. Law Supp. Mot. Dismiss 6; Def.'s Reply 4.) Defendants contend that all three counts involve the same parties and witnesses, as well as overlapping facts, and thus that it would be in the "interests of justice" to stay all of plaintiff's federal claims. (Def.'s Reply 4.) Defendants cite *Benevolence International Foundation, Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 938 (N.D. Ill. 2002), in support. However, *Benevolence* did not involve the issue of *Younger* abstention; rather, in that case the court used its discretion to stay civil claims during an ongoing criminal investigation when "special circumstances" existed that made it necessary to avoid serious and irreparable prejudice. *Id.* Defendants have not shown that special circumstances exist that would cause serious and irreparable prejudice if Counts I and II proceed and Count III is stayed.

In fact, courts applying *Younger* have found that where issues in a federal suit are not part of a state case or affirmative defense, they are "collateral" to the state proceeding and *Younger* is therefore inapplicable. *Habich v. City of Dearborn*, 331 F.3d 524, 530-31 (6th Cir. 2003) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)). As long as the relief sought in the

"collateral" federal claim will not unduly interfere with the state court proceedings, a court should not abstain from hearing it. *Am. Fed'n of State, County & Mun. Employees v. Tristano*, 898 F.2d 1302, 1305 (7th Cir. 1990). Even when several claims stem from the same general set of events, when they raise substantially different issues it is not appropriate to abstain from those claims that do not interfere with the state court proceedings. *Habich*, 331 F.3d at 530-31; *see also Am. Fed'n*, 898 F.2d at 1305 (*Younger* not applicable because issues in federal suit were "substantially different" than issues in state court).

Here, it is likewise inappropriate to stay plaintiff's federal due process claims. Although all three of plaintiff's claims arise out of the same general series of events, Counts I and II involve distinctly different legal and factual issues than Count III. Counts I and II are based on defendant Rajski's failure to provide plaintiff a hearing before he was suspended from his job without pay. Defendants also allegedly disseminated disparaging information about plaintiff without giving him an opportunity to respond that has prevented him from obtaining another job. On the other hand, Count III involves an alleged violation of plaintiff's Fifth Amendment right against self-incrimination when Rajski forced him to give a statement to the police that led to his arrest. These claims involve sufficiently different issues, and thus, it is inappropriate to stay Counts I and II when *Younger* abstention is otherwise unwarranted. Therefore, defendants' motion stay Counts I and II is denied.

## B.     Count III

In Count III, plaintiff claims that defendants violated his Fifth Amendment right against self-incrimination by forcing him to give a statement to State of Illinois police investigators. (Am. Compl. ¶¶ 12-14, 37-40.) As a result of the investigation, plaintiff was arrested and

charged in state criminal court with computer fraud and official misconduct. (*Id.* ¶ 15.) Defendants argue that *Younger* abstention is appropriate and the Court should stay the litigation as to Count III pending resolution of plaintiff's state criminal trial. (Defs.' Mem. Law Supp. Mot. Dismiss 5.)

The Court holds that abstention from deciding plaintiff's Fifth Amendment claim is appropriate under *Younger* because a determination as to this claim would likely interfere with the current state criminal proceedings against Maduko. The first element in the *Younger* analysis, whether there is an ongoing state proceeding that is judicial in nature, is clearly met here due to the pending criminal charges against plaintiff. The second element is also met, as the state undoubtedly has an important interest in trying criminal cases and enforcing its laws. As to the third element, the state criminal proceedings offer plaintiff an adequate opportunity to raise his Fifth Amendment claim that his right against self-incrimination was violated. Plaintiff has the opportunity to challenge the constitutionality of the allegedly coerced statement, which led to his arrest, as a defense to the state criminal charges against him. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 389 (7th Cir. 1995) (testimony compelled by threatened loss of employment may not be used in subsequent criminal prosecution); *Atwell v. Lisle Park Dist.*, 286 F.3d 987, 990 (7th Cir. 2002) (same).

The Seventh Circuit has explicitly held that when a constitutional defense to a criminal conviction is also raised in a section 1983 claim, it will interfere with and possibly undermine the state criminal proceedings. *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). This is the case even when the federal claim seeks only monetary damages. *Id.* In *Simpson*, the court abstained under *Younger* from deciding the plaintiff's section 1983 claim alleging his Fourth Amendment rights against illegal search and unlawful arrest were violated. *Id.* at 138. The court

determined that because the plaintiff would have the opportunity to raise these claims in his criminal trial, it would only frustrate the state proceedings for the federal court to decide the same issues concurrently. *Id.* Similarly, in the instant case, adjudication of plaintiff's Fifth Amendment claim would deal with the same issues that plaintiff can raise in his criminal trial. *See Deakins v. Monaghan*, 484 U.S. 193, 208 (1988) (stating that judgment in federal damages action that required decision as to whether Fifth Amendment rights were violated would be owed *res judicata* effect in forthcoming state criminal trial and noting the potential for federal-state friction). Thus, the Court's adjudication of Count III could easily undermine the state court's ability to proceed in its criminal prosecution of plaintiff.

Furthermore, no extraordinary circumstances exist in this case that would render *Younger* abstention inappropriate. First, there is no allegation that the state proceeding was undertaken in bad faith, as plaintiff brought this case against his supervisor, not the state prosecutors. Second, no pressing need for equitable relief exists; in fact, plaintiff may not seek equitable relief against Rajski in his individual capacity. Third, because plaintiff has not challenged a state law, there can be no claim that a flagrantly unconstitutional law is at issue. Moreover, plaintiff is required to claim specifically the existence of any exceptional circumstances, which he has not done. *Green*, 281 F.3d at 667.

Plaintiff argues that *Younger* is inapplicable to his Fifth Amendment claim because he is not seeking to enjoin the state proceeding and is not challenging the constitutionality of the state statute under which he is being prosecuted. (Pl.'s Resp. 5.) However, the Seventh Circuit has explicitly held that a plaintiff need not seek to enjoin a state proceeding for *Younger* to apply. *Nelson v. Murphy*, 44 F.3d 497, 501 (7th Cir. 1995). Rather, the principle of *Younger* requires that state courts be able to try their cases without federal courts making the same determinations

independently and disruptively.  *Id.*  Further, as discussed above, this concept has been expanded to any federal action that could interfere or have a disruptive effect on a state criminal proceeding, even if it does not directly challenge the constitutionality of a state statute.  *Simpson*, 73 F.3d at 137.  Thus, plaintiff's arguments do not persuade this Court that *Younger* abstention is inapplicable.

Having determined that the Court should abstain from adjudicating Count III, the only remaining issue is whether to dismiss or stay this claim.  Generally, when *Younger* abstention is appropriate and the relief sought is available in the state court proceedings, the federal court should dismiss the claim.  *Nelson*, 44 F.3d at 503.  However, when the plaintiff seeks monetary damages in a section 1983 claim – relief that is unavailable from a state court – then the district court should stay the claim pending the outcome of the state proceedings.  *Deakins*, 484 U.S. at 202; *Simpson*, 73 F.3d at 139.

Therefore, the Court will stay Count III of plaintiff's Amended Complaint until the conclusion of his state criminal proceedings, including the appellate process.  Maduko shall notify the Court within twenty days of the conclusion of the state court proceedings so that Count III may be reinstated from the trailing trial calendar.  Failure to notify the Court within said twenty days will result in the automatic dismissal of Count III with prejudice for failure to prosecute.

### Conclusion

For the foregoing reasons, the Court:  (1) grants defendants' motion to dismiss this suit against the State of Illinois, (2) grants defendants' motion to stay Count III of the Amended Complaint, and (3) denies defendants' motion to stay Counts I and II.  Maduko shall notify the

Court within twenty days of the conclusion of the state court proceedings so that Count III may be reinstated from the trailing trial calendar. Failure to so notify the Court will result in the automatic dismissal of Count III with prejudice for failure to prosecute.

**SO ORDERED.**          **ENTERED:**

9/17/08          _____
          **HON. RONALD A. GUZMAN**
          **United States District Judge**